UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRESERVER, LP,

          Plaintiff,

-against-

CREATIVE WEALTH MEDIA FINANCE CORP and JASON CLOTH

          Defendants.

No.: 21-cv-2456(JPO)

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**HERRICK, FEINSTEIN LLP**
William R. Fried
Shivani Poddar
Joshua S. Stricoff
2 Park Avenue
New York, New York 10016
(212) 592-1400

*Attorneys for Defendants Creative Wealth Media Finance Corp and Jason Cloth*

# TABLE OF CONTENTS

                                                                           **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .........................................................................................1

ARGUMENT .......................................................................................................................2

    I.     The Participation Agreement and Term Sheet
           Must Be Read Together .................................................................................2

           A.     The Term Sheet and the Participation Agreement
                   are One Integrated Agreement .................................................................2

           B.     Term Sheet and the Participation Agreement
                   Incorporate Each Other's Terms by Reference.......................................3

           C.     As Contemporaneous Agreements Covering the
                   Same Subject Matter, the Participation Agreement
                   and the Term Sheet Must be Read Together...........................................4

    II.    Plaintiff's Attempts to Manufacture an Ambiguity
           Should be Disregarded...................................................................................5

    III.   Plaintiff Provides No Meaningful Opposition to Defendants'
           Alternative Grounds for Dismissal ................................................................7

CONCLUSION....................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*228E58STR LLC v. Koleksiyon Mobilya San A.S.*,
   No. 19 CIV. 7795 (NRB), 2020 WL 4260959 (S.D.N.Y. July 23, 2020) ..................................4

*Balzano v. Lublin*,
   162 A.D.2d 252 (1st Dep't 1990) ...........................................................................................4

*Citibank, N.A. v. Jacobsen*,
   No. 19CV959DABJLC, 2020 WL 772497 (S.D.N.Y. Feb. 18, 2020),
   report and recommendation adopted as modified,
   No. 19CIV959ERJLC, 2020 WL 1503229 (S.D.N.Y. Mar. 30, 2020) .....................................7

*Dietrich v. Chem. Bank*,
   115 Misc. 2d 713 (Sup. Ct. New York Cnty. 1981), aff'd, 92 A.D.2d 786 (1st
   Dep't 1983) ..............................................................................................................................3

*Food for Thought Caterers Corp. v. Sentinel Ins. Co., Ltd.*,
   No. 20-CV-3418 (JGK), 2021 WL 860345 (S.D.N.Y. Mar. 6, 2021) ......................................5

*Georgia-Pac. Consumer Prods., LP v. International Paper Co.*,
   566 F. Supp. 2d 246 (S.D.N.Y. 2008) .....................................................................................5

*In re Grand Union*,
   219 F. 353 (2d Cir. 1914) ........................................................................................................7

*Jones v. Cunard S.S. Co.*,
   238 A.D. 172 (2d Dep't 1933) .................................................................................................3

*Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.*,
   595 F.3d 458 (2d Cir.2010) .....................................................................................................5

*Madeleine, L.L.C. v. Casden*,
   950 F. Supp. 2d 685 (S.D.N.Y. 2013) .....................................................................................4

*Miller v. Mercuria Energy Trading, Inc.*,
   291 F. Supp. 3d 509 (S.D.N.Y. 2018), aff'd, 774 F. App'x 714 (2d Cir. 2019) .......................3

*PaineWebber Inc. v. Bybyk*,
   81 F.3d 1193 (2d Cir. 1996) ....................................................................................................3

*Pludeman v. N. Leasing Sys., Inc.*,
   74 A.D.3d 420 (1st Dep't 2010) ..............................................................................................4

*Ricatto v. M3 Innovations Unlimited, Inc.*,
    No. 18 CIV. 8404 (KPF), 2019 WL 6681558 (S.D.N.Y. Dec. 6, 2019),
    reconsideration denied, No. 18 CIV. 8404 (KPF), 2020 WL 2306480
    (S.D.N.Y. May 8, 2020) ............................................................................................................6

*Thor 680 Madison Ave. LLC v. Qatar Luxury Grp. S.P.C.*,
    No. 17 CIV. 8528 (PGG), 2020 WL 2748496 (S.D.N.Y. May 27, 2020) .................................4

*Trade Wind Distrib., LLC v. Unilux Ag*,
    No. 10 Civ. 5716(BMC), 2011 WL 4382986 (E.D.N.Y. Sept. 20, 2011) .................................8

**PRELIMINARY STATEMENT**

Plaintiff's opposition papers are a classic example of manufacturing a contractual ambiguity when none exists. Plaintiff's Amended Complaint attempts to style a $2,500,000 "Participation Advance" tendered to Creative[1] as a loan that was never repaid by a purported repayment date set forth in a Term Sheet between the parties. Defendants moved to dismiss on the basis that a Participation Agreement, annexed as a schedule to the Term Sheet as an exhibit, clarifies that the Participation Advance is not a loan at all – it is an undivided fractional interest in a loan that Creative provided to third-party Lucite. The Participation Agreement expressly provides:

- (i) that the relationship between the parties "***that of a seller and purchaser*** in an undivided fractional interest (i.e., an outright sale and assignment by [Creative] to [Plaintiff] of an interest therefor), ***not a debtor-creditor relationship***" [P.A. ¶ 1];

- (ii) that [Creative] has not guaranteed repayment to [Plaintiff] of, nor agreed to repurchase from [Plaintiff], any portion of the Participation at any time [*Id.*]"; and

- (iii) that "[t]here is no assurance that [Plaintiff] will earn a profit from or recoup its Participation." [*Id.* ¶ 8].

Unable to dispute the unambiguous contractual language of the Participation Agreement, which is part and parcel of the Term Sheet, Plaintiff asks the Court to pretend that the Participation Agreement does not exist. Plaintiff chiefly argues that the Participation Agreement is an entirely different contract from the Term Sheet, and cannot be considered on this motion or, alternatively, creates an ambiguity that cannot be resolved on a motion to dismiss.

This argument fails for at least three reasons.

*First*, the Term Sheet and the Participation Agreement are one integrated contract and must be interpreted together—the Term Sheet is annexed to the Participation Agreement and the

---

[1] Unless otherwise defined herein, capitalized terms have the same meanings as set forth in Defendants' opening memorandum of law ("Opening Memo.").

1

Participation Agreement is annexed to the Term Sheet. *Second*, the Participation Agreement and the Term Sheet each incorporate the terms of the other agreement by reference. *Third*, under New York law, contemporaneous agreements covering the same transaction are read together. Accordingly, the agreements are inseparable, and the plain language of the Participation Agreement resolves any ambiguity that Plaintiff seeks to manufacture in the Term Sheet.

Likewise, Plaintiff does not adequately dispute Defendants' alternative argument that, even if the Participation is somehow a loan to Creative, that the Amended Complaint fails to allege (i) that Plaintiff's repayment waterfall was triggered and (ii) that Plaintiff was otherwise entitled to any payment under the Participation Agreement or the Term Sheet. In opposition, Plaintiff only argues that a certain account statement is an inappropriate exhibit to a motion to dismiss. Even if this were accurate, it still fails to address that Plaintiff did not plead that its waterfall was triggered. And in any event, the collection account statement is an integral part of the Amended Complaint, as it is produced pursuant to the CAMA to which Plaintiff is a beneficiary and which is expressly referenced in the Term Sheet.

In sum, Plaintiff's sole cause of action for breach of a loan is untenable and should be dismissed in its entirety.

**ARGUMENT**

I. **The Participation Agreement and Term Sheet Must Be Read Together**

    A. **The Term Sheet and the Participation Agreement are One Integrated Agreement**

Plaintiff's nonsensical argument, that the Term Sheet and Participation Agreement are separate documents and must not be construed together (despite each agreement being a schedule to the other), must be summarily rejected. The Participation Agreement is annexed as Schedule C to the Term Sheet. T.S. at 1 The Term Sheet is annexed as Schedule A to the Participation

Agreement. P.A. at Recital C. Plaintiff even admits that the "'Participation Agreement' is acknowledged by the Term Sheet (an attached as Schedule "C" thereto)." Opp. Memo. at 2.

Plaintiff does not cite a single case standing for the preposterous proposition that an agreement must be read and/or construed without its schedules or attachments, particularly when the Term Sheet references the Participation Agreement *and* attaches it as a schedule. Because the Term Sheet and Participation Agreement form one integrated document, the Court must interpret them together.

### B. Term Sheet and the Participation Agreement Incorporate Each Other's Terms by Reference

Plaintiff also claims that the Term Sheet merely "acknowledges" and annexes the Participation Agreement but does not incorporate it therein. Opp. Memo. at 2. Plaintiff is wrong as a matter of law. "Under New York law, 'a paper referred to in a written instrument and sufficiently described may be made a part of the instrument as if incorporated into the body of it.'" *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1201 (2d Cir. 1996) (quoting *Jones v. Cunard S.S. Co.*, 238 A.D. 172, 173 (2d Dep't 1933)). Moreover, "a contract can be comprised of separate writings or documents if the writings make it clear that they are to be read in conjunction with other writings to determine the intent of the parties." *Dietrich v. Chem. Bank*, 115 Misc. 2d 713, 715 (Sup. Ct. New York Cnty. 1981), aff'd, 92 A.D.2d 786 (1st Dep't 1983). Finally, "[t]o determine whether a contract has incorporated a document by reference, courts look to whether a reasonable person would understand the specific document to be incorporated by reference[.]" *Miller v. Mercuria Energy Trading, Inc.*, 291 F. Supp. 3d 509, 517 (S.D.N.Y. 2018), aff'd, 774 F. App'x 714 (2d Cir. 2019).

Here, the Term Sheet refers to and annexes as a Schedule the Participation Agreement, which is more than sufficient to incorporate by reference the Participation Agreement. Likewise,

3

the Participation Agreement also *expressly* incorporates by reference the Term Sheet: "Pursuant and subject to the term sheet agreement, entered into between the Financier and Lender dated as of November 27, 2019 (hereinafter referred to as the 'Financing Term Sheet') ***attached hereto and incorporated into this Agreement by way of Schedule 'A.'***" Plaintiff does not and cannot argue that any reasonable person would understand these agreements to be separate. *See Thor 680 Madison Ave. LLC v. Qatar Luxury Grp. S.P.C.*, No. 17 CIV. 8528 (PGG), 2020 WL 2748496, at *6 (S.D.N.Y. May 27, 2020) ("Although the Lease and the Guaranty are separate documents, the Guaranty is incorporated by reference in the Lease….and thus is to be read together with the Lease"). Plaintiff relies on the integration clause of the Term Sheet to also argue that it cannot be read in conjunction with the Participation Agreement. The integration clause does not support Plaintiff's position because the Participation Agreement is part and parcel of the Term Sheet – as a schedule – so it must be read together with the Participation Agreement.[2]

### C. As Contemporaneous Agreements Covering the Same Subject Matter, the Participation Agreement and the Term Sheet Must be Read Together

Even if the agreements were not annexed as schedules to each other, and even if the agreements did not incorporate the terms of the other by reference (which they were), New York law would still require the agreements to be read together. Indeed, "agreements executed at substantially the same time and related to the same subject matter are regarded as contemporaneous writings and must be read together as one." *228E58STR LLC v. Koleksiyon Mobilya San A.S.*, No. 19 CIV. 7795 (NRB), 2020 WL 4260959, at *5 (S.D.N.Y. July 23, 2020); *see also Madeleine,*

---

[2] The Court in *Pludeman v. N. Leasing Sys., Inc.*, 74 A.D.3d 420, 424 (1st Dep't 2010) merely commented that the potential class members on a certification motion may encounter common issues with respect to the merger clause in the operative contract, which are issues not relevant here. Similarly, *Balzano v. Lublin*, 162 A.D.2d 252, 253 (1st Dep't 1990), concerned whether an alleged oral agreement could modify a written lease agreement, which is a far cry from the issue here. Neither case dealt with a situation regarding whether a schedule to a contract is parol evidence and/or barred from consideration by a merger clause. Thus, both cases are inapplicable to the facts of this case.

*L.L.C. v. Casden*, 950 F. Supp. 2d 685, 695-96 (S.D.N.Y. 2013) (parties' intent to read multiple documents together evidenced by plain language referring to various agreements anticipated by the same transaction); *Georgia-Pac. Consumer Prods., LP v. International Paper Co.*, 566 F. Supp. 2d 246, 251 (S.D.N.Y. 2008) (two agreements constituting part of the same transaction must be read together).

Here, the Term Sheet and Participation Agreement were entered into as of November 27, 2019. They also unquestionably govern the same subject matter—Plaintiff's purchase of an interest in a loan provided by Creative to third party Lucite to finance a film—a fact Plaintiff concedes. [Opp. Memo p. 6 ("[T]he Term Sheet and the 'Participation Agreement' each purport to govern the same general transaction—*i.e.,* Plaintiff's provision of $2,500,00 to Creative to facilitate Creative's funding of the Picture.")]. Thus, under New York law, the Term Sheet and the Participation Agreement must be read as one.

## II. Plaintiff's Attempts to Manufacture an Ambiguity Should be Disregarded

Read together, the Term Sheet and the Participation Agreement unambiguously set forth the parties' rights and obligations. To start, "[t]he initial interpretation of a contract and whether its terms are ambiguous are questions of law for the Court to decide." *Food for Thought Caterers Corp. v. Sentinel Ins. Co., Ltd.*, No. 20-CV-3418 (JGK), 2021 WL 860345, at *2 (S.D.N.Y. Mar. 6, 2021) (resolving a contractual ambiguity on a pre-answer motion to dismiss). "No ambiguity exists where the contract language has a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion." *Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2d Cir.2010) (citations, alterations, and internal quotation marks omitted). "And under New York law, a contract may not be found to be ambiguous merely because litigants

present alternative interpretations." *Ricatto v. M3 Innovations Unlimited, Inc.*, No. 18 CIV. 8404 (KPF), 2019 WL 6681558, at *5 (S.D.N.Y. Dec. 6, 2019), reconsideration denied, No. 18 CIV. 8404 (KPF), 2020 WL 2306480 (S.D.N.Y. May 8, 2020)

Here, there is no ambiguity about whether the Participation is a loan. The Term Sheet and the Participation Agreement are clear that it is not. The Participation Agreement contains express provisions noting that Plaintiff's Participation was not a loan:

- Plaintiff acquired from Creative "an undivided fractional interest" in a loan for the financing of the film Bombshell. P.A. ¶ 1.

- The relationship of the parties is "that of a seller and purchaser in an undivided fractional interest." *Id.*

- The relationship between the parties is "not a debtor-creditor relationship." *Id.*

- Creative does not guarantee repayment to Plaintiff. *Id.*

- Plaintiff acknowledges that there is no assurance that Plaintiff will earn a profit or recoup its Participation. *Id.* at 8.

The Term Sheet provides similarly. Not once in the Term Sheet (or the Participation Agreement) is the Participation referred to as a loan. By its express terms, the Term Sheet provides that Plaintiff agreed to participate in the financing of the film Bombshell pursuant to the terms of the Participation Agreement. Plaintiff agreed to be repaid its Participation not from Defendants, but by sharing in the "Adjusted Gross Revenues derived from the film." *Id.* p. 2. If the Participation Agreement were a loan, repayment would not be dependent on a separate revenue stream from third-parties.

Plaintiff's opposition papers even establish that its Participation cannot constitute a loan as a matter of law. As Plaintiff states, "the very definition of a 'loan' under longstanding Second

Circuit precedent is 'a contract whereby, in substance one party transfers to the other a sum of money *which the other party agrees to repay absolutely*[.]" Opp. Memo. at 5 (citing *In re Grand Union*, 219 F. 353, 356 (2d Cir. 1914)) (emphasis supplied). Because repayment is not guaranteed, the Participation cannot be a loan. Construing the Participation as a loan would "strain the contract language beyond its reasonable and ordinary meaning," and is thus insufficient to create an ambiguity necessary to survive a motion to dismiss. *Citibank, N.A. v. Jacobsen*, No. 19CV959DABJLC, 2020 WL 772497, at *7 (S.D.N.Y. Feb. 18, 2020), report and recommendation adopted as modified, No. 19CIV959ERJLC, 2020 WL 1503229 (S.D.N.Y. Mar. 30, 2020).

Ignoring the foregoing, Plaintiff argues that because Defendant Jason Cloth is a purported signatory to the Term Sheet in his individual capacity but not the Participation Agreement, that creates some sort of ambiguity. Opp. Memo. at 6. This alleged incongruity does nothing to vitiate the fact that the Term Sheet and Participation Agreement are fully integrated and contemptuous agreements.

### III. Plaintiff Provides No Meaningful Opposition to Defendants' Alternative Grounds for Dismissal

In the alternative, Defendants argued that, even if the Participation were a loan, then Plaintiff's claim still fails because its repayment has not been triggered pursuant to the CAMA. Opening Memo. at 10-11. Plaintiff does not dispute that a waterfall exists for repayment in the CAMA. Nor does Plaintiff dispute that the CAMA lists Plaintiff as a beneficiary and provides for Plaintiff to receive its pro rata share of the Collected Gross Receipts.

Instead, Plaintiff argues that an account statement, showing the Collected Gross Receipts to date and the distribution to various parties, was inappropriate on a motion to dismiss. (Ex. 3 to Defendant's motion). Plaintiff's argument fails for several reasons. *First*, to properly plead that the Participation was a loan, and Plaintiff was entitled to repayment, Plaintiff was required to plead

7

that there were sufficient Collected Gross Receipts for repayment to be triggered, which it fails to do. Thus, if the Participation is a loan to Creative (which it is not), the Amended Complaint should still be dismissed for failing to state a plausible claim.

*Second*, the CAMA (Ex. 2 to Defendants' motion) and the account statement issued pursuant to the CAMA (Ex. 3 to Defendants' motion) are absolutely integral to the Amended Complaint and thus appropriately appended to the Motion to Dismiss And Plaintiff does not dispute this point in its opposition papers. The Term Sheet provides that "[Plaintiff] shall have access to view the collection account and receive all disbursements directly from the collection agent." T.S. at 2. The CAMA (*i.e.*, the Collection Account Management Agreement) lists Plaintiff as a beneficiary of the film's Collected Gross Receipts and gives Plaintiff access to the collection account information, as required by the Term Sheet. CAMA ¶¶ 2.4, 3.2. The collection account statement, which is disbursed pursuant to the CAMA, is required to be issued by the Term Sheet and is therefore critical to the Amended Complaint and should be considered as appropriate documentary evidence on a motion to dismiss. *See Trade Wind Distrib., LLC v. Unilux Ag,* No. 10 Civ. 5716(BMC), 2011 WL 4382986, at *3 (E.D.N.Y. Sept. 20, 2011) (finding that documents were intended to be read together where one document made references to the other).

## CONCLUSION

For the foregoing reasons, the Court should dismiss with prejudice the entirety of the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: New York, New York
      June 11, 2021

**HERRICK, FEINSTEIN LLP**

By: */s/ Shivani Poddar*
William R. Fried
Shivani Poddar
Joshua S. Stricoff
Two Park Avenue
New York, New York 10016
(212) 592-1400

*Attorneys for Defendants Creative Wealth Media Finance Corp. and Jason Cloth*