UNITED STATESW DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRESERVER, LP,<br><br>Plaintiff,<br><br>-against-<br><br>CREATIVE WEALTH MEDIA FINANCE CORP and<br>JASON CLOTH<br><br>Defendants. | No.: 21-cv-2456 (JPO)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT** |

Defendants Creative Wealth Media Finance Corp. ("**Creative**") and Jason Cloth ("**Cloth**") (collectively, "**Defendants**") by and through their undersigned counsel, Herrick, Feinstein LLP, answer the Amended Complaint of Plaintiff Preserver, LP ("**Preserver**") as follows:

Defendants deny each and every allegation, statement, matter, and thing contained in the Amended Complaint except hereinafter expressly admitted or alleged. To the extent that any specific allegation in the Amended Complaint is not addressed, that allegation is denied. The repetition of some of the Amended Complaint's subheadings is done solely for organizational purposes and is not an admission of their truth.

## NATURE OF ACTION

1.     Paragraph 1 of the Amended Complaint states legal conclusions and summarizes Plaintiff's theory of the case, to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 1 of the Amended Complaint.

## PARTIES, JURISDICTION AND VENUE

2.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint.

3.     Defendants admit that Creative is a Canadian corporation with its principal place

of business in Ontario, Canada. The remainder of this paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in the remainder of Paragraph 2 of the Amended Complaint.

4.     Defendants admit that Cloth is an individual residing in Ontario, Canada. The remainder of this paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in the remainder of Paragraph 3 of the Amended Complaint.

5.     Paragraph 5 of the Amended Complaint states legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 5 of the Amended Complaint.

6.     Paragraph 6 of the Amended Complaint states legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 6 of the Amended Complaint.

7.     Paragraph 7 of the Amended Complaint states legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 7 of the Amended Complaint.

## FIRST CLAIM
### (Breach of Contract)

8.     As to the allegations in Paragraph 8, Defendants submit that the document speaks for itself. Further, Paragraph 8 of the Amended Complaint states legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 8 of the Amended Complaint.

9.     As to the allegations in Paragraph 9, Defendants submit that the document speaks for itself. Further, Paragraph 8 of the Amended Complaint states legal conclusions to which no

answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 9 of the Amended Complaint.

10.     As to the allegations in Paragraph 10, Defendants submit that the document speaks for itself. Further, Paragraph 10 of the Amended Complaint states legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 10 of the Amended Complaint.

11.     As to the allegations in Paragraph 11, Defendants submit that the document speaks for itself. Further, Paragraph 11 of the Amended Complaint states legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 11 of the Amended Complaint.

12.     Paragraph 12 of the Amended Complaint states legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 12 of the Amended Complaint.

13.     Paragraph 13 of the Amended Complaint states legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 13 of the Amended Complaint.

14.     Paragraph 14 of the Amended Complaint states legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 7 of the Amended Complaint.

## <u>PRAYER FOR RELIEF</u>

Defendants deny that Plaintiff is entitled to any of the relief requested in the "PRAYER FOR RELIEF," or to any relief at all.

## AFFIRMATIVE DEFENSES

Defendants' investigation of the facts alleged in the Amended Complaint is ongoing; accordingly, Defendants reserve the right to amend or supplement the allegations contained herein, and to assert any additional defenses that may become known to Defendants in the course of discovery. In asserting the following affirmative defenses, Defendants do not intend to suggest that the matters designated herein as "defenses" are not matters on which Plaintiff bears the burden of proof. These defenses are set forth cumulatively and in the alternative. Notwithstanding the foregoing, Defendants state the following affirmative and other defenses:

### *FIRST AFFIRMATIVE DEFENSE*

Plaintiff fails to state a claim upon which relief may be granted.

### *SECOND AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### *THIRD AFFIRMATIVE DEFENSE*

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, discharge, abandonment, and/or release.

### *FOURTH AFFIRMATIVE DEFENSE*

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, fraud, illegality, unclean hands, and/or waiver.

### *FIFTH AFFIRMATIVE DEFENSE*

Subject to proof through discovery, Plaintiff's claims are barred by their assent and/or acquiescence to the arrangements at issue.

### *SIXTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred, in whole or in part, by documentary evidence.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a claim for which attorneys' fees and costs may be awarded.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to perform its obligations under the Term Sheet and/or Plaintiff's breach or repudiation of the Term Sheet.

### NINTH AFFIRMATIVE DEFENSE

The alleged damages are not recoverable from the Defendants because they are remote, speculative, contingent, and/or not recoverable as a matter of law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages asserted.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they fail to allege any facts or claims, requiring piercing the corporate veil, and fail to state an alter ego claim.

### TWELVETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because recovery from Defendants would result in Plaintiff's unjust enrichment.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants fully complied with all requirements, if any, contractual or otherwise.

**WHEREFORE**, Defendants respectfully request that the Court enter judgment as follows:

(a)      Dismissing the Amended Complaint against Defendants in its entirety with prejudice;

(b)      Awarding the Defendants their costs and attorneys' fees; and

(c)      Awarding the Defendants such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 30, 2021

**HERRICK, FEINSTEIN LLP**

By: */s/ Shivani Poddar*     

Shivani Poddar
Joshua S. Stricoff
Two Park Avenue
New York, New York 10016
(212) 592-1400

*Attorneys for Defendants Creative Wealth*
*Media Finance Corp. and Jason Cloth*